UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                           Case Nos. 17-20292, 19-12072

ARKEM HAMMOCK,                                    HON. AVERN COHN

    Defendant/Petitioner.
_____/

**MEMORANDUM AND ORDER**
**DENYING MOTION UNDER 28 U.S.C. § 2255 (Doc. 104)**
**AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a criminal case. Defendant/Petitioner, Arkem Hammock, has filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255 essentially contending that Hobbs Act robbery does not qualify as a predicate "crime of violence" to support a conviction under 18 U.S.C. § 924(c) after the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). The government contends that Hammock's motion is procedurally defaulted and lacks merit. For the reasons that follow, the motion will be denied for lack of merit.[1]

---

[1]A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing," at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, a court may deny a motion under section 2255 "without conducting an evidentiary hearing [where] 'the motion and the files and records of the case conclusively show that [the petitioner] is entitled to no relief.' " Cole v. United States, No. 17-6061, 2018 WL 4372199, at *2 (6th Cir. Mar. 30, 2018) (quoting 28 U.S.C. §

II. Background

In April 2017, Arkem Hammock robbed Heritage Pharmacy Services at gunpoint with his cousin, Jeremy Sherrod, to obtain prescription pain pills to sell on the street for $100,000. In preparation for the robbery, Hammock supplied two guns and masks to hide their identities. When the pills were being delivered, Hammock and Sherrod entered the pharmacy brandishing the guns. Sherrod grabbed the pharmacist and forced him into locked cage to collect specific opioid pills while Hammock held five people hostage with his gun brandished. Hammock stood watch while Sherrod filled the bag with the specific opioid pills they wanted. When Sherrod finished, he handed the bag of pills to Hammock. Hammock and Sherrod left through the back and drove away. Hammock passed a police car in the turn lane, leading to a high speed chase. Ultimately, Hammock pulled into a dead end, so Hammock and Sherrod got out of the car and ran in opposite directions. Police caught Sherrod a few blocks away with his gun nearby. Inside the car, police found the masks, guns, and stolen drugs used in the robbery.

A grand jury indicted Sherrod and later superceded to add Hammock and Sherrod's nephew, Dominque Hayes. The charges included Hobbs Act robbery, in violation of 18 U.S.C. § 1951; using a firearm in furtherance of the robbery, in violation of 18 U.S.C. § 924(c); possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1); and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. The indictment specified that the § 924(c) charge relied

---

2255(b) ). Because the record shows that Hammock is not entitled to relief, a hearing is not necessary.

only on the Hobbs Act offense alleged in count one, not the conspiracy to commit Hobbs Act alleged in count four, as its predicate "crime of violence."

Hammock pleaded guilty to all counts without a plea agreement. The Court sentenced Hammock to 120 months in prison—36 months for the Hobbs Act offenses and felon-in-possession charge, followed by the mandatory 84-month sentence for the § 924(c) charge. Hammock did not appeal. Hammock then filed the instant motion to vacate.

### III. Legal Standard

28 U.S.C. § 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

As "[§] 2255 is not a substitute for a direct appeal," Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct

3

appeal" to merit collateral relief, Frady, 456 U.S. at 166.  Though non-constitutional errors are generally outside the scope of § 2255 relief, see United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "by establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process,' " Watson, 165 F.3d at 488 (internal quotation marks omitted) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)).  Accordingly, alleged sentencing errors, including the proper application of the guidelines, "does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." Jones, 178 F.3d at 796.

## IV.  Analysis

### A.  Procedural Default

The government first argues that Hammock's claim is procedurally defaulted because he did not raise it on direct appeal.  Claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) good "cause" excusing his procedural default and "actual prejudice" resulting from the error of which he complains, or (2) "actual innocence." Johnson v. Lee, 136 S. Ct. 1802, 1805 (2016); Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167–68

While the government is correct that the Supreme Court's decision in Johnson was issued years before his conviction and the holding in Dimaya builds on the rule in Johnson, Dimaya was decided after Hammock's conviction.  Thus, the Court declines to

4

find that Hammock's claim is procedurally defaulted. Moreover, the Court is not required to address issues relating to the sufficiency of the pleadings or procedural hurdles before evaluating the merits of the claims. See Johnson v. United States, 735 F. App'x 1007, 1010 (11th Cir. 2018) ("The government contends [that the petitioner] procedurally defaulted on his Johnson claim because he failed to raise it in his direct appeal. We decline to address the procedural default issue because his Johnson claim loses on the merits in any case.").

## B. The Merits

Hammock moves to vacate his sentence in light of Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S.Ct. 1204 (2018).[2] Johnson held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. In Dimaya, the Supreme Court applied the reasoning of Johnson to the Immigration and Nationality Act and invalidated the residual clause in 18 U.S.C. § 16(b).

Section 924(c) makes it illegal to use a firearm during and in relation to a "crime of violence." It defines what qualifies as a "crime of violence" in two ways:

[A]n offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[2]The Court notes that Hammock's co-defendant, Sherrod, filed a § 2255 motion making the same argument under Johnson and Dimaya. The Court denied the motion and declined to issue a certificate of appealability. See Doc. 98. The Sixth Circuit recently also declined to issue Sherrod a certificate of appealability. See Doc. 108, Sherrod v. United States, No. 19-1615 (6th Cir. Sept. 11, 2019) (unpublished).

5

> (B) that by its nature, involves a substantial risk that
> physical force against the person or property of another
> may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (c)(3)(A), called the elements clause, looks to the elements of the offense and whether the elements involve the use, attempted use, or threatened use of force capable of causing bodily harm. Subsection (c)(3)(B) is called the residual clause and looks to the risk of force posed by the offense. An offense need only satisfy the elements clause or the residual clause to qualify as a predicate crime of violence.

Here, the predicate offense is Hobbs Act robbery. The Hobbs Act, 18 U.S.C. § 1951, prohibits interference with interstate commerce by robbery or extortion. Hammock's claim must fail if the offense, Hobbs Act robbery, is a crime of violence. Whether a crime is a "crime of violence" is determined by "looking to the statutory definition of the crime, rather than to the evidence presented to prove it." United States v. Taylor, 176 F.3d 331, 337 (6th Cir. 1999). Under the Hobbs Act, robbery is defined as

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Multiple courts have held that "Hobbs Act robbery qualifies as a crime of violence under the force clause of section 924(c)(3)(A), not the residual clause." See e.g., Washington v. United States, No. 11-20483, 2016 WL 4089133, at *1 (E.D. Mich. Aug.

2, 2016); Byrd v. United States, 1:16-cv-186, 2016 WL 4009884, at *2 (E.D. Tenn. July 25, 2016) (noting that even if Johnson's reasoning invalidated § 924(c)'s residual clause, Hobbs Act robbery would remain a crime of violence under the force clause of § 924(c)).  The Sixth Circuit joined a number of other circuits with its decision in United States v. Gooch, 850 F.3d 285 (6th Cir. 2017), when it found that "Hobbs Act robbery constitutes a crime of violence."  Id. at 292.  Thus, because Hobbs Act robbery is a crime of violence, Hammock's conviction under the force clause of § 924(c) is valid and unaffected by Johnson or Dimaya.  See In re Gordon, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018) ("Even if the Supreme Court had announced that Dimaya applies to § 924(c)(3)(B), that rule has no effect on Gordon's case because his convictions for Hobbs Act robbery qualify as crimes of violence under § 924(c)(3)(A) as offenses having 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.' ") (citing United States v. Gooch, 850 F.3d 285, 291-92 (6th Cir.), cert. denied, 137 S. Ct. 2230 (2017) ).  See also Fenderson v. United States, No. 13-20316, 2018 WL 4619902, at *3 (E.D. Mich. Sept. 26, 2018). Moreover, there is no question that Hammock's conduct involved a substantial risk that physical force would be used if he encountered any resistance during the robbery. Thus, his conviction under § 924(c) based on a Hobbs Act robbery is valid under the force clause of § 924(c)(3)(A).

V.  Conclusion

For the reasons stated above, the motion is DENIED.  Further, jurists of reason would not find the Court's ruling debatable.  Accordingly, the Court DENIES a certificate

7

of appealability under 28 U.S.C. § 2253(c)(1)(a).[3]  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

SO ORDERED.

                                             S/Avern Cohn
                                             AVERN COHN
                                             UNITED STATES DISTRICT JUDGE

Dated: 9/18/2019
      Detroit, Michigan

---

[3] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.